Ben Weisman v. Commissioner. Myer C. Myerson v. Commissioner.
Weisman v. Commissioner
Docket Nos. 2629, 2632.
United States Tax Court
1944 Tax Ct. Memo LEXIS 171; 3 T.C.M. (CCH) 723; T.C.M. (RIA) 44239; July 22, 1944
*171 B. L. Liberman, Esq., 1414 Ambassador Bldg., St. Louis, Mo., for the petitioners. Gene W. Reardon, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: These proceedings are for the redetermination of deficiencies in income tax for the calendar years 1939, 1940, and 1941, as follows: Docket
No.
Petitioner
Year
Deficiency
2629
Ben Weisman
1939
$ 530.77
1940
1,538.64
1941
1,688.14
2632
Myer C. Myerson
1939
114.24
1940
715.12
1941
370.54
The only question in issue in each proceeding is whether respondent erred in including in the petitioners' taxable income for the respective years the net income of a trust created by each on December 15, 1936, for the benefit in the case of Ben Weisman of his wife and three children, and in the case of Myer C. Myerson for the benefit of his two children. The net income of the trust added to the taxable income of Ben Weisman for the years 1939, 1940, and 1941 was $2,700, $2,868, and $3,112, respectively, and in the case of Myer C. Myerson was $672 for each year. The essential facts in each case have been stipulated. We adopt such stipulations as our findings of fact. [The Facts] The petitioners *172 are residents of St. Louis, Mo., and for each of the taxable years here involved filed their income tax returns with the collector of internal revenue at St. Louis. In the trust created by Ben Weisman the trust instrument provides in part as follows: "WHEREAS, I, BEN WEISMAN, of St. Louis County, State of Missouri, am the owner of the securities hereinafter described and it is my desire to make gifts in trust for my wife. HILDA WEISMAN, and for each of my children, BERYL EVELYN WEISMAN, ELEANOR LOUISE WEISMAN and NANNETTE WEISMAN. "NOW THEREFORE, in consideration of love and affection, I, the undersigned, Ben Weisman, do by these presents, give, grant, assign, transfer and deliver unto my wife, Hilda Weisman, and myself as trustees, the following described personal property, to-wit: "'Three Hundred Twenty (320) shares of the common stock of Union-May-Stern Company (formerly Union House Furnishing Company), a Missouri corporation, evidenced by Certificate No. 26 in the amount of One Hundred Sixty-Two (162) shares and Certificate No. 10 in the amount of One Hundred Fifty-eight (158) shares, for the uses and purposes and with the powers and duties as follows: "'1. The trust herein *173 created is for the benefit of my wife, Hilda Weisman, and for my children, Beryl Evelyn Weisman, Eleanor Louise Weisman and Nannette Weisman, to the extent of an equal one-fourth (1/4) interest in the trust estate for each of said beneficiaries and the trust shall be construed to the same purpose and effect as if four separate trusts were herein created for the said beneficiaries. "'2. The said Trustees shall have full power and authority to manage and control the trust estate and every part thereof, the power to sell, transfer, convey and dispose of the same upon such terms and conditions as they see fit and for such prices as they shall deem proper. In their discretion they may, without being accountable for loss, retain any property now or hereafter forming a part of this trust estate. They may invest and reinvest all or any part of the trust estate in such stocks, common and preferred, bonds, notes (including notes for the original Trustees, or either of them, in their personal capacity), securities, or other property, real or personal, upon such terms and for such length of time as such Trustees shall deem meet and proper. The Trustees shall have full power and authority in *174 their discretion to borrow money and to secure the sum so borrowed by pledge or mortgage of any or all of said trust estate and may repay the sum out of both such corpus and income. They are to have full authority to invest or reinvest any sums so borrowed. They are to have full authority to collect and receive the rents, income and profits arising from the trust estate. The Trustees as such shall have such rights, powers and authority in respect to the management, control and disposition of the trust estate for the use and benefit of the beneficiary or beneficiaries hereof as they have with respect to property absolutely owned by them. "'3. Out of the income and revenue accruing from said trust estate the Trustees shall have power to pay all taxes, expenses necessarily or properly incident to its care, preservation and management, and all other reasonable or necessary charges, incident to the administration of the trust created hereby. The balance of the income and revenue from said trust estate shall be held by the Trustees for the equal benefit of the beneficiaries above named to be paid in accordance with the provisions hereinafter stated. "'4. The net income on the share of *175 the trust estate herein provided for my wife, Hilda Weisman, shall be paid by the Trustees to may [my] said wife so long as she shall live. * * * "'5. The trust as to the shares of my said children in the trust estate, shall continue for and during their respective lifetimes and the net income on the share of the trust estate herein provided for each child shall be payable to each child during her life, at such times as may be convenient. If any of my said children should die, then, at her death, her said share of the trust estate shall pass to her descendants then living, they taking per stirpes, or, if no such descendant is then living, the same shall go in equal parts to the others of my said children, or to their respective descendants then living, per stirpes, if any of them is dead, subject to the conditions hereinafter set out.'" Both the income and the corpus were ultimately to go to others than the petitioner. By supplement to the indenture of trust, executed December 29, 1937, there were added to the trust 160 shares of the common stock of Union-May-Stern Co. In 1936 and 1937 Union-May-Stern Co. declared dividends on the common stock, payable in Class A cumulative preferential *176 stock of the company. The income of the trust for the years 1939, 1940, and 1941 was derived from dividends paid on the preferential stock. Dividend checks were issued by the company to the trustees and the trustees purchased for the trust additional preferential stock with the dividends and endorsed the checks back to the company for that purpose. Union-May-Stern Co. was incorporated on August 1, 1921, and until 1932 its corporate name was Union House Furnishing Co. It is engaged in the retail instalment furniture business. Common stock of the company is its voting stock. The families of Ben Weisman and Myer C. Myerson have at all times held and owned all of the capital stock of Union-May-Stern Co. in equal proportions. The stockholdings as of December 1, 1935, were as follows: Ben Weisman
1,250 shares
Myer C. Myerson
1,200 shares
Harry Myerson
50 shares (brother of Myer C. Myerson) On December 23, 1935, Ben Weisman assigned to his wife, Hilda Weisman, 40 shares and to each of his three children 40 shares. On December 27, 1935, Myer C. Myerson assigned to his wife, Olive Myerson, 175 shares. All of these assignments were outright gifts. The beneficiaries named in *177 the indenture of trust executed by Ben Weisman are Hilda Weisman, wife of the petitioner, Beryl Evelyn Weisman, child, born September 23, 1920, Eleanor Louise Weisman, child, born January 17, 1924, and Nannette Weisman, child, born April 23, 1928. Ever since the creation of the trust and through the tax years in question the corpus of the trust has consisted exclusively of common and preferential stock of Union-May-Stern Co. No monies or securities have been borrowed by the petitioner or his cotrustee from the trust. On March 15, 1937, petitioner Ben Weisman filed a gift tax return for the calendar year 1936, reporting the property by him transferred under the indenture of trust dated December 15, 1936, and paid the amount of gift tax shown to be due thereon. Ben Weisman and Hilda Weisman, his wife, as trustees under the indenture of trust dated December 15, 1936, and its supplement dated December 29, 1937, filed fiduciary returns for the years 1939, 1940 and 1941, reporting the receipt of income in the amounts of $2,700, $2,868, and $3,112, respectively, and the beneficiaries of the trust filed income tax returns and included such trust income in their respective taxable income. *178 The trust instrument executed by Myer C. Myerson on December 15, 1936, gave the trustee the same powers as were given to the trustees in the trust indenture executed by Ben Weisman on the same date. The only trustee named was Myer C. Myerson. The trust instrument declared in part: "1. The trust herein created is for the benefit of my son Clem Myerson, and for my daughter Fania Worth, to the extent of an equal one-half (1/2) interest in the trust estate for each of said beneficiaries and the trust shall be construed to the same purpose and effect as if two separate trusts were herein created for the said beneficiaries." The beneficiaries named in the declaration of trust are the petitioner's son, Clem Myerson, and his daughter, Fania Worth. At the time of the execution of the trust Clem Myerson was of the age of 27 years and Fania Worth was of the age of 20 years. Each of the children was then, and ever since that time has been, married and maintaining his or her own household. The only income of the Myerson trust received by the trustee during the years 1939, 1940, and 1941 consisted of dividends paid on the preferential stock of Union-May-Stern Co. in the amount of $672 during *179 each year. Dividend checks were issued by the company to the petitioner as trustee. The petitioner deposited the checks in his bank account and immediately issued his checks to Clem Myerson and Fania Worth for the amount of the dividend, each receiving one-half thereof. In their individual income tax returns they reported the amounts paid over to them by the trustee. On March 15, 1937, Myer C. Myerson filed a gift tax return for the calendar year 1936 reporting the property by him transferred under the declaration of trust on December 15, 1936, and paid the amount of the gift tax shown to be due thereon. Ever since the creation of the trust and through the tax years in question the corpus of the trust has consisted exclusively of common and preferential stock of the Union-May-Stern Co. No monies or securities have been borrowed by the petitioner from the trust. In each of the deficiency notices sent by the respondent the petitioner was advised that the net income of the trust "has been included in your gross income pursuant to the provisions of sections 22 (a), 166 and 167 of the Internal Revenue Code." The question presented by each of these proceedings is whether the petitioner, *180 as grantor of the trust created by each on December 15, 1936, is liable to income tax upon the income of the trust during the years 1939, 1940, and 1941. The respondent contends that he is, pursuant to the provisions of sections 22 (a), 166, and 167, Internal Revenue Code. In support of this contention he cites Helvering v. Clifford, 309 U.S. 331. In that case it was held that where a taxpayer creates a short term trust, retains as grantor approximately the same control and dominion over the trust property and income thereof as he had before the trust was created, and channels the income to members of his immediate family, he may properly be held taxable upon the income. It was further held that the provisions of section 22 (a), Revenue Act of 1934, which include in the gross income of a taxpayer "gains or profits and income derived from any source whatever," was broad enough to warrant the taxing of the income to the grantor trustee. In Helvering v. Stuart, 317 U.S. 154, 168, it was said that "Economic gain realized or realizable by the taxpayer is necessary to produce a taxable income under our statutory scheme," and *181 that: That economic gain for the taxable year, as distinguished from the non-material satisfactions, may be obtained through a control of a trust so complete that it must be said the taxpayer is the owner of its income. So it was in Helvering v. Clifford, * * * The limitations of the principle enunciated by the Supreme Court in the two above referred to decisions can not be set with any degree of exactitude. Each case must be decided upon its own facts. It is plain, we think, that the grantor of a trust is taxable upon the income of the trust under the Clifford doctrine only where he receives or may receive the economic benefits of the trust property. Conversely, where the grantor of a trust names himself as trustee and has only such powers as may be properly exercised by a trustee he is not liable to tax upon the income. It is the respondent's contention herein that each of the petitioners had such dominion and control over the trust property as warrants the taxation of the income of the trust to him. With regard to the trust created by Ben Weisman it is to be noted that although he is the grantor of the trust he is not the sole trustee. His wife is a cotrustee and *182 she is to receive one-fourth of the income of the trust during her life. The respondent contends, however, that she had no functions or duties to perform as a trustee and that the evidence does not show that she ever actually contributed toward the management or control of the trust estate. He submits that the wife "was merely a nominal trustee." We do not think there is any basis for a contention that a cotrustee is "merely a nominal trustee," even though she does not actively participate in the management or control of the trust estate. Hilda Weisman clearly had an interest in the trust created by her husband which was adverse to that of the grantor. In the absence of any evidence that she did not exercise her rights as cotrustee her trusteeship may not be ignored. See Phipps v. Commissioner, 137 Fed. (2d) 141. It is further to be noted that under the trust instrument Ben Weisman did not as grantor reserve any power as such to direct the administration of the trust. He could not exercise any authority over the trust except as trustee. Under the laws of all the states a trustee is required to exercise his powers as trustee for the benefit of the cestuis *183 que trust. In Restatement of the Laws of Trusts, volume 1, section 170, the rule is stated at pages 440, 441 as follows: By the terms of the trust the trustee may be permitted to sell trust property to himself individually, or as trustee to purchase property from himself individually, or to lend to himself money held by him in trust, or otherwise to deal with the trust property on his own account. The trustee violates his duty to the beneficiary, however, if he acts in bad faith, no matter how broad may be the provisions of the terms of the trust in conferring power upon him to deal with the trust property on his own account. The respondent makes the further observation that since the two petitioners in these proceedings controlled the Union-May-Stern Co. through stock ownership, and as trustees could vote the stock as they saw fit, and could pay such amounts of salary to themselves as officers of the corporation as they might choose to pay, the petitioners were in a position through the operation of the trusts to take an unfair advantage of the beneficiaries of the trusts. Manifestly, this is a factor to be taken into consideration as to whether the Weisman trust comes within the *184 ambit of Helvering v. Clifford, supra. But there is no evidence that either of the petitioners abused their powers as trustees. We think that the opinion of the Tax Court in Estate of Benjamin Lowenstein, 3 T.C. 1133, is dispositive of this case and requires that we hold that Ben Weisman is not taxable upon the income of the Ben Weisman trust for the tax years here in question. In the case of Myer C. Myerson the grantor is the sole trustee. He did not, however, retain for himself as grantor any powers except such as could be properly exercised by a trustee. Furthermore, there is no evidence that he during the taxable years or at any other time improperly exercised his powers as trustee. As trustee he controlled the income of the trust and paid it over during the taxable years to the beneficiaries. They clearly had the right as beneficiaries of the trust to see that the trustee acted for their own interests. The trust was created for their benefit. We therefore hold that Myer C. Myerson is not taxable upon the income of the trust for the taxable years before us. Decisions will be entered under Rule 50.